UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

May 4, 2017

LETTER OPINION

VIA CM/ECF
All counsel of record

Re: *Rafailov v. Citibank, Inc.*
    Civil Action No. 16-4132 (MAS) (TJB)

Dear Counsel:

    This matter comes before the Court on Defendant Citibank, Inc.'s ("Defendant") Motion to Compel Arbitration and Stay Proceedings. (ECF No. 10.) Plaintiff Zeev Rafailov ("Plaintiff") filed opposition (ECF No. 15), and Defendant replied (ECF No. 16). The Court has reviewed the parties' submissions in response to Defendant's Motion. After careful consideration of the submissions, the Court GRANTS Defendant's Motion.

    The District of New Jersey has consistently held that delegation provisions—agreements to arbitrate the interpretation, enforceability, and applicability of an arbitration provision—are enforceable. *See generally Johnson v. Sally Beauty Supply, LLC*, No. 16-2531, 2016 WL 4771062 (D.N.J. Sept. 12, 2016); *MacDonald v. Cashcall, Inc.*, No. 16-2781, 2017 WL 1536427 (D.N.J. Apr. 28, 2017). "[A]greements to arbitrate the arbitrability of claims are themselves 'agreements to arbitrate.'" *Johnson*, 2016 WL 4771062, at *4. Accordingly, "to the extent a party wishes to challenge a delegation clause . . . the Supreme Court require[s] the basis of the challenge to be directed specifically to the agreement to arbitrate before the Court will intervene in deciding whether the delegation clause is valid." *Id.* at *5 (citing *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010)).

    Here, Plaintiff's opposition to Defendant's Motion is that Plaintiff's claim falls outside the scope of the relevant arbitration provision. (Pl.'s Opp'n Br. 2-3, ECF No. 15.) Plaintiff, however, does not challenge the validity or enforceability of the delegation provision, which provides that "[c]laims regarding the application, enforceability, or interpretation" of the arbitration agreement are "subject to arbitration." (Grayot Decl., Ex. 2, at 12, ECF No. 10-3.) Accordingly, the Court GRANTS Defendant's Motion to Compel Arbitration and Stay Proceedings.

                                                 /s/ Michael A. Shipp
                                                MICHAEL A. SHIPP
                                                UNITED STATES DISTRICT JUDGE